**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAMON SMITH,** | |
| Plaintiff, | Civil Action No. 16-5170 (ES) (MAH) |
| v. | |
| **WYNDHAM VACATION OWNERSHIP, INC.,** | **OPINION** |
| Defendant. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on the motion of Defendant to transfer the proceedings to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). D.E. 4. Plaintiff has not opposed this motion. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will grant Defendant's motion and transfer this matter to the Middle District of Pennsylvania.

### I.  BACKGROUND

In 2009, Defendant Wyndham Vacation Ownership, Inc., ("Wyndham") hired Plaintiff, Damon Smith, as a sales representative to work at Wyndham's Shawnee Village, a vacation resort in East Stroudsburg, Pennsylvania. Employee Change Notification Form, Exh. A. to McDonnell Cert., D.E. 4-3. When Plaintiff was first hired, he identified his home address as Bushkill,

Pennsylvania.  Id.  In 2011, Plaintiff was promoted to the position of "Senior In House Sales Representative."  Employee Change Notification Form, Exh. B to McDonnell Cert., D.E. 4-3.  In this new position, Plaintiff remained employed at the Shawnee Village in East Stroudsburg.  Id.  On September 19, 2012, Plaintiff was terminated from his position at Shawnee Village.  Compl. ¶56, D.E. 1.

On August 25, 2016, Plaintiff filed a two count Complaint in this Court, alleging unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq., and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et. seq.  See generally Compl., D.E. 1.  Plaintiff is an African American male.  Id. ¶22.  Plaintiff's Complaint alleges that, during the time of his employment at Shawnee Village, he and other African American and Hispanic employees of Shawnee Village were treated unfairly in comparison to their white colleagues due to their race.  Id.  For example, Plaintiff alleges that African American and Hispanic employees were often disciplined more severely for committing minor workplace infractions.  Id.  ¶23 to 56.  Plaintiff also alleges that he was the subject of racially charged language and epithets from co-workers and supervisors.  Id.  ¶19, 35.  Finally, Plaintiff alleges that he was terminated from his position due to his race, and that Wyndham's reason for termination was mere pretext.  Id. ¶56 to 59.  All of the alleged discriminatory actions appear to have occurred at Plaintiff's former place of employment, Shawnee Village in East Stroudsburg, Pennsylvania.  See generally Compl.  Additionally, all of the co-workers and supervisors whom Plaintiff mentions in his Complaint appear to have been employees of Shawnee Village in East Stroudsburg, Pennsylvania.  See Conway Cert. ¶4, D.E. 4-1.

Prior to filing this lawsuit, Plaintiff initiated a Charge of Discrimination against Wyndham with the United States Equal Employment Opportunity Commission (EEOC) in Philadelphia,

Pennsylvania in 2014.  See Exh. F, D.E. 4-4.  In the Charge of Discrimination, Plaintiff listed his address as Bushkill, Pennsylvania, and listed Wyndham's address as East Stroudsburg, Pennsylvania.  Id.  On May 24, 2016, the EEOC issued a Dismissal and Notice of Rights and mailed it to Plaintiff at a P.O. box in the town of Shawnee on Delaware, Pennsylvania.  See Exh. G, D.E. 4-4.  In the case before this Court, however, Plaintiff listed his home address as Virginia Beach, Virginia, and Wyndham's address as Parsippany, New Jersey.  Compl., D.E. 1.  The Complaint states that Wyndham's headquarters and residence are located in Parsippany.  Id. ¶4.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), for the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) exists to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (internal citations and quotations omitted).

Transfer is appropriate under Section 1404(a) if the defendant satisfies two factors: (i) that venue is proper in the transferee district, and (ii) that the transferee district can exercise personal jurisdiction over defendants.  See Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).  If venue in the requested district is proper, then the Court must analyze a series of private and public factors to determine whether "on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  Jumara v. State Farm Ins., Co., 55 F.3d 873, 879 (3d Cir. 1995).  The Court must rely on facts which are a matter of record, such as affidavits submitted by the parties, in deciding a motion for transfer.  NPR, Inc. v.

3

American Intern. Ins. Co. of Puerto Rico, 2001 WL 294077, *2 (D.N. J. March 28, 2001) (citing Ricoh, 817 F. Supp. 473, 480).

In all civil cases, 28 U.S.C. § 1391 determines proper venue. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiff's Complaint suggests that all of the actions giving rise to his claims, including the disparate treatment, various racially charged remarks, and the unlawful termination, all occurred at Wyndham's Shawnee Village in East Stroudsburg, Pennsylvania. See generally Compl., D.E. 1. Furthermore, the submissions of Defendant in support of this motion, which include the declaration of the Director of Human Resources for Wyndham, demonstrate that Plaintiff and the fellow employees and supervisors mentioned in his Complaint were all employed at Shawnee Village during Plaintiff's employment and that those employees "live or lived in or around the Shawnee Village location and commuted to and from the workplace in East Stroudsburg, Pennsylvania." Conway Decl., D.E. 4-1. Therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Middle District of Pennsylvania because "a substantial part of the events or omissions giving rise to the claim occurred" in that District.

Having decided that venue is proper in the transferee district, the Court must next analyze whether the balance of private and public interests under 28 U.S.C. § 1404(a) favors transferring this case. The private interest factors include: (i) plaintiff's choice of forum; (ii) defendant's

4

preference; (iii) where the claim arose; (iv) the parties' convenience as indicated by their relative physical and financial condition; (v) witness convenience; and (vi) the location of books and records.  See Jumara, 55 F.3d at 879.

First, Plaintiff's choice of forum is not entitled to significant deference in this case.  See Ricoh, 817 F. Supp. at 480-81.  A court gives a plaintiff's choice of forum little weight if "the choice of forum has little connection with the operative facts."  Culp, 2014 WL 4828189, at *4 (D.N.J. 2014); see also Garlick v. Quest Diagnostics Inc., 2010 WL 1490923 (D.N.J. 2010) ("A plaintiff's choice of forum, while ordinarily entitled to some deference, is entitled to less deference, perhaps to the vanishing point, when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit.").  In this case, the "operative facts," specifically the alleged unlawful discrimination against Plaintiff, all occurred at Plaintiff's place of employment, the Shawnee Village in East Stroudsburg Pennsylvania.  Plaintiff, having failed to oppose this motion, has not demonstrated any operative facts giving rise to his claims which might have occurred in New Jersey.

The second, third, and fourth factors — the preference of Defendant, the location of where the claims arose, and the parties' convenience — also collectively weigh in favor of a transfer.  As discussed above, the Middle District of Pennsylvania has far more substantial connections with the pending claims.  Although Defendant's headquarters are located in New Jersey, the allegations in Plaintiff's Complaint, regarding the pertinent allegations of unlawful employment discrimination, do not bear any connection to New Jersey.  See generally Compl., D.E. 1. Furthermore, because Plaintiff most recently identified his home address as Virginia Beach, Virginia, the fourth factor - the convenience of the parties - is at best a neutral consideration in the Court's analysis.  Id.  Therefore, these factors weigh in favor of transferring the case to the Middle

District of Pennsylvania.

The fifth and sixth private factors - the convenience of witnesses and the location of books and records - similarly weigh in favor of transferring the case to the Middle District of Pennsylvania. The declaration of the Director of Human Resources for Wyndham indicates that all payroll and personnel records for Plaintiff and the employees mentioned in his Complaint can be accessed at Shawnee Village. Conway Decl. ¶3, D.E. 4-1. The declaration also demonstrates that the potential witnesses, i.e., those Wyndham employees identified in Plaintiff's Complaint, "live or lived in or around the Shawnee Village location and commuted to and from the workplace in East Stroudsburg, Pennsylvania." Id. ¶5. The location of witnesses is considered "an important factor weighing in favor of transfer." Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A., 2011 WL 3329087, at *5 (D.N.J. 2011) (citations omitted).

Having determined that the private factors strongly weigh in favor of transfer, the Court next analyzes the "public interest" factors, which are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F. 3d at 879-80 (internal citations omitted). When evaluating the public interest factors "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).

Aside from the fact that Defendant's principal place of business is located in this forum, New Jersey lacks a strong connection to the claims asserted in this case. New Jersey maintains

scant interest, public or otherwise, in adjudicating this case. Pennsylvania, by contrast, was the locus of many of the alleged acts underlying the claims. Pennsylvania also maintains a strong interest in this litigation, because although Defendant resides in New Jersey, Defendant regularly conducts business in Pennsylvania.

Additionally, practical considerations such as the location of a majority of the potential witnesses that could make trial proceed with greater ease, weigh in favor of a transfer to Pennsylvania. Most of the potential witnesses, including present and former Shawnee Village employees, appear to be located in Pennsylvania. Conway Decl. ¶5, D.E. 4-1  Furthermore, "New Jersey jurors should not be burdened with adjudicating a matter concerning alleged conduct which has virtually no connection with New Jersey." Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 501 (D.N.J. 1998). For these reasons, and in the interests of justice, the Court finds that the public interest factors also tip the scales in favor of transfer. See 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the reasons set forth above, this Court will **GRANT** Defendant's motion [D.E. 4] and transfer this matter to United States District Court for the Middle District of Pennsylvania.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**